# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE A. MOSS, JR., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1105-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Wayne A. Moss, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 9, 12), and the parties have fully briefed the issues. (Docs. 19, 20).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 11, 18). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **Procedural History**

Plaintiff filed applications for DIB and SSI in September 2018, alleging a disability onset date of March 9, 2017. (AR, at 230-39). The SSA denied the applications initially and on reconsideration. (*Id*. at 75-104, 105-150). Then an administrative hearing was held on January 17, 2020. (*Id*. at 36-72). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-35). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II. **The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 9, 2017, the alleged onset date. (AR, at 17). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "Degenerative Disc Disease of the Lumbar Spine; Degenerative Disc Disease of the Cervical Spine; Degenerative Joint Disease, Tendinitis and Osteoarthritis of the Left Shoulder." (*Id*. at 18). At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 20). The ALJ then determined that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: The claimant cannot climb ladders, ropes or scaffolds. The claimant can occasionally stoop, crouch, crawl, kneel, balance and climb ramps and stairs. The claimant cannot reach overhead bilaterally.

2

(*Id*. at 21).  At Step Four, the ALJ found the Plaintiff unable to perform any past relevant work.  (*Id*. at 29).  At Step Five, the ALJ concluded that "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," and found that Plaintiff could work as a clerical sorter, filler, or assembler.  (*Id*. at 30).  Thus, the ALJ found that Plaintiff had not been under a disability since March 9, 2017.  (*Id*. at 31).

### III.   Claims Presented for Judicial Review

On appeal, Plaintiff raises three issues.  (Doc. 19).  First, he argues that the ALJ failed to properly consider the medical evidence of record, specifically, the October 10, 2017, treatment notes of Dr. Hume and the September 17, 2018, physical examination of Dr. Litchfield.  (*Id*. at 4-7).  Next, Plaintiff claims that the ALJ failed to properly consider his generalized anxiety disorder.  (*Id*. at 4, 7-9).  Finally, Plaintiff purports to attack the ALJ's Step Five determination by generally disagreeing with the ALJ's RFC and his assessment of the medical evidence along with Plaintiff's complaints of problems with the use of his hands and pain in his hands, neck, and back.  (*Id*. at 9-12).  For these reasons, Plaintiff argues remand is required.  (*Id*. at 12).

In response, the Commissioner argues that the ALJ properly evaluated the medical evidence provided in the record.  (Doc. 20, at 4).  The Commissioner further argues that the ALJ properly considered Plaintiff's non-severe anxiety.  (*Id*. at 7-10).  Finally, the Commissioner asserts that substantial evidence supports the RFC finding.  (*Id*. at 10-14).

## IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a); 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     Analysis**

    **A.     The ALJ Properly Evaluated the Medical Evidence in the Record.**

Plaintiff argues that the ALJ did not consider an addendum report from Dr. Hume dated October 10, 2017, that evaluated MRIs taken on September 8, 2017, and that if he had, the ALJ would have deemed "Claimant's complaints about weakness, numbness and tingling, and pain in his arm credible and believable." (Doc. 19, at 5-6) (citing AR, at 385-86). Although the ALJ did not specifically describe this report in his analysis, he considered it in his discussion of medical records from Dr. Hume, as reflected by his citation to Exhibit 3F, pages 1-4. (AR, at 24). Indeed, the October 10, 2017, addendum

report is substantially contained on page 4 of Exhibit 3F. (*Id*. at 385). And the ALJ repeatedly stated that he considered "all the evidence" and the "entire record." (*Id*. at 16, 17, 21). It is a "well-established principle" that "[w]here, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at [his] word." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (internal quotation marks omitted). Moreover, "[t]here is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010); *Wall,* 561 F.3d at 1067 ("The ALJ is not required to discuss every piece of evidence.") (internal quotation marks omitted). It should also be noted that the ALJ expressly considered medical records from Dr. Hume for February 15, 2018, noting that Dr. Hume evaluated Plaintiff's shoulder, arms, and hands, and also recommended that Plaintiff "pursue an anterior cervical discectomy and fusion at C5-C6 and C6-C7" (AR, at 25), which is the same recommendation he made in the October 10, 2017, addendum report. (*Id*. at 386).

Plaintiff next complains that the ALJ did not mention in his decision the September 17, 2018, report of Dr. Lonnie Litchfield, arguing that the physical examination regarding Plaintiff's grip strength and neuropathy in his arms would support functional limitations in Plaintiff's hands. (Doc. 19, at 6). As Plaintiff points out, Dr. Litchfield's report was a ratings examination and opinion for Plaintiff's workers compensation claim. (*Id*.; *see* AR, at 406-411). Per SSA regulations, decisions regarding workers' compensation claims "are inherently neither valuable nor persuasive" to ALJs. (*See* AR, at 22) (citing 20 C.F.R. §§ 404.1504 and 416.904). However, ALJs are required "to consider relevant medical and other evidence that supports or underlies [workers' compensation] decisions that we

7

receive as evidence in your claim." (*Id.*) Here, the ALJ specifically stated that he "considered the evidence underlying the claimant's WC claim" (*id.*), which would include Dr. Litchfield's physical examination notes. Again, we take the ALJ at his word, and he need not have discussed everything in the administrative record.

Finally, Plaintiff complains about the ALJ's reliance on the consultative exam by Dr. David Wiegman in formulating the RFC, which did not include limitations for Plaintiff's hands. (Doc. 19, at 6-7). But the ALJ's RFC was formulated not just based on Dr. Wiegman's examination and opinion, but also with consideration for, *inter alia*, the medical records and opinions of Dr. Hume, Dr. Moore, and the state agency medical consultants. Accordingly, the RFC was supported by substantial evidence.

## B. The ALJ Properly Considered Plaintiff's Anxiety.

At Step Two of the sequential evaluation process, the ALJ acknowledged that Dr. Foley had diagnosed Plaintiff with generalized anxiety disorder and recognized it as a medically determinable mental impairment. (AR, at 18-19). He appropriately considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders (the paragraph B criteria), and determined that Plaintiff had (1) a mild limitation in understanding, remembering, or applying information; (2) a mild limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace; and (4) no limitation in adapting or managing oneself. (*Id.* at 19). Accordingly, he found Plaintiff's anxiety disorder to be non-severe. (*Id.*)

"[E]ven if the ALJ determines that a claimant's medically determinable mental impairments are "'not severe,' he must further consider and discuss them as part of his residual functional capacity (RFC) analysis at step four." *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013). Plaintiff argues that the ALJ did not do so. (Doc. 19, at 8). To the contrary, the ALJ expressly analyzed Plaintiff's anxiety and Dr. Foley's report in his RFC analysis, stating:

> The record does not support some of the claimant's statements regarding severity and impact of the mental impairments. The claimant testified that he watched television and read but had problems with concentration and focus. He could not watch a program from start to finish. Nevertheless, examinations consistently reveal intact concentration, attention and memory (Exhibit 5F, page 2; Exhibit 6F, pages 1-4). In treatment, the claimant denies depression, anxiety, suicidal ideation or homicidal ideation or hallucinations (Exhibit 1F, page 29). The record reveals no history of mental health treatment, nor did the claimant allege one in his application for benefits (Exhibit 2E). Rather, Dr. Foley felt his mental health condition was a result of a perceived inability to work and opined that it did not limit his occupational or social functioning (Exhibit 6F, pages 1-4).

(AR, at 27). This analysis is sufficient. *See Sadongei v. Colvin*, 2017 WL 74283, at *3 (W.D. Okla. Jan. 6, 2017) ("Clearly, while the discussion was brief, the ALJ considered Plaintiff's mental impairments in making an RFC determination and did not rely on the step-two assessment in place of an RFC analysis.") (citing *Suttles v. Colvin*, 543 Fed. App'x. 824, 826 (10th Cir. 2013) (determining proper RFC assessment where ALJ discussed evidence relating to plaintiff's non-severe mental impairment and, "[s]ignificantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four assessments")). Given this analysis, the ALJ did not include any mental limitations in the

RFC.  "The ALJ was entitled to resolve [] evidentiary conflicts and did so."  *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).  The ALJ was not required to impose any limitations in the RFC unless the record bore out those limitations.  Likewise, the ALJ's hypothetical question to the VE must contain all the limitations – but only those limitations – included in the RFC.  *Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013).  Accordingly, the ALJ did not err in considering Plaintiff's anxiety.

### C. The ALJ's RFC Is Supported by Substantial Evidence.

Plaintiff's final argument complains variously that the ALJ's RFC limiting Plaintiff to sedentary work is not in agreement with the opinions of the state agency physicians, who recommended light work; that the jobs identified by the VE require good bilateral use of the hands and that there was medical evidence supporting limitations and pain in Plaintiff's hands; and that there was medical evidence supporting Plaintiff's claims of neck and back pain such that the ALJ should have included a sit-stand option in the RFC. (Doc. 19, at 9-12).  All of these complaints are nothing more than requests to reweigh the evidence, and this Court must decline that request.  *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform.").  "The ALJ was entitled to resolve [] evidentiary conflicts and did so."  *Id*.  As discussed above, the RFC was supported by substantial evidence.  Accordingly, the Commissioner's decision should be affirmed.

**VI.     Conclusion**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 26th day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE